UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FRANKS and
DOUGLAS BENNETT,

        Case No. 12-15038
   Plaintiffs,        Hon. Lawrence P. Zatkoff

v.

REMAX ASSOCIATES, E-TITLE AGENCY, INC.,
JOHN GRAHAM REALTY, LLC, and
JOHN GRAHAM, INC.,

   Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on  August 28, 2013

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I.  INTRODUCTION

This matter is before the Court on Defendants E-Title Agency, Inc. and Re/Max Associates' Motions to Dismiss [dkts 12 and 24].  Plaintiffs filed responses to the motions.  Defendants E-Title Agency, Inc. and Re/Max Associates did not reply.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without oral argument.  For the following reasons, Defendants' motions are GRANTED.

### II. BACKGROUND

Though largely incoherent, Plaintiffs' lengthy, *pro se* complaint contains a narrative statement in which they make what appears to be fraud and conspiracy claims against Defendants involving property

located at 25470 Crocker Blvd., Harrison Township, Michigan 48045 (the "Property").[1] Plaintiffs also cite to numerous amendments to the United States Constitution and federal statutes including the Truth in Lending Act, the False Claims Act, the Fair Housing Act, and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Defendants E-Title Agency, Inc. ("E-Title") and Re/Max Associates ("Re/Max) filed motions to dismiss stating that Plaintiffs' complaint and accompanying documentation fail to state a claim upon which the Court may grant relief. *See* Dkt.'s 12, 24.

### III. LEGAL STANDARD

**A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the

---

[1] Plaintiff Matthew Franks entered into a Purchase Agreement with Bank of America—an unnamed party to the instant lawsuit—to purchase the Property. Plaintiffs also have a suit pending before this Court against Bank of America.

pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

**B. FEDERAL RULE OF CIVIL PROCEDURE 8(A)**

A claim for relief must contain a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and each allegation must "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). By this standard, a plaintiff is tasked only with supplying "fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555).

Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 129 S.Ct. at 1949. *See also Hearns v. San Bernardino Police Dep't,* 530 F.3d 1124, 1131 (9th Cir. 2008) (finding that a complaint may be dismissed with prejudice under Rule 8 if the complaint is "so verbose, confused, and redundant that its true substance, if any, is well disguised.") (*quoting Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969)).

## IV. ANALYSIS

After liberally construing Plaintiffs' complaint and accompanying documents, the Court finds that Plaintiffs have failed to state a claim upon which the Court may grant relief and otherwise failed to abide by the pleading standards set forth in Fed. R. Civ. P. 8. As such, Plaintiffs' complaint must be dismissed.

Plaintiffs' complaint is lengthy and difficult to discern. As best the Court can surmise, Plaintiffs' claims appear to be grounded on theories of fraud and conspiracy.[2] Plaintiff argues that he "has been deprived of his 'RIGHT' to Contract and acquire Property in the United States and . . . alleges Personal Property Fraud on the Part of the named Defendants . . . ." Dkt. 1, ¶ 20. In addition, Plaintiff alleges that Defendants John Graham Realty, LLC and John Graham, Inc.. "conspired with each other to do a cash

---

[2] Confusingly, Plaintiffs' complaint contains only one count labeled "Gross Negligence."

3

transaction on the [Property] to defraud Plaintiff of the [Property] to live in the neighborhood to be close to his family." *Id.* at ¶ 26. Given the length and incoherence of Plaintiffs' complaint, it is therefore neither "short," nor "plain," but rather protracted and ambiguous as to the causes of action and factual allegations. *See* Fed. R. Civ. P. 8(a). In other words, Plaintiffs' complaint is not "simple, concise, and direct," but instead contains unsupported statements of purported wrongdoing without any description of how the wrongdoing was committed or why it constitutes a cognizable cause of action. *See* Fed. R. Civ. P. 8(d)(1).

Turning to the substance of the complaint, the Court finds that Plaintiffs have failed to state a claim because the Court cannot determine the basis of their allegations against Defendants and it is difficult—if not impossible—to determine the factual elements of any cognizable cause of action. First, to illustrate, Plaintiffs have not particularly alleged statements claimed to be fraudulent, the identity of the speaker(s) of the statements, where and when the statements occurred, and their rationale as to why the statements constituted fraud. *See* Fed. R. Civ. P. 9(b); *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th 2008). Moreover, while Plaintiffs make scattered references to "conspiracy," they do not allege the factual elements necessary for a colorable conspiracy claim. Plaintiffs' complaint grossly fails to give Defendant "fair notice" of what Plaintiffs' claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Court need not sort through pages of an incoherent and disorganized narrative to discern—much less speculate—what specific claims and legal theories Plaintiffs assert. Therefore, Plaintiffs' complaint must be dismissed.

In sum, because Plaintiffs have wholly failed to plead any cognizable claim against *any* of the Defendants, the Court's instant ruling applies with equal force to *all* named Defendants.

4

## V. CONCLUSION

Accordingly, it is HEREBY ORDERED that Defendants E-Title and Re/Max's Motions to Dismiss [dkts 12 and 24] are GRANTED.

IT IS FURTHER ORDERED that, based on the reasoning above, Plaintiffs' complaint is DISMISSED WITH PREJUDICE as against *all* Defendants.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                Hon. Lawrence P. Zatkoff
                                                U.S. District Judge

Date:  August 28, 2013