UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW FRANKS and
DOUGLAS BENNETT,

        Plaintiffs,

v.

REMAX ASSOCIATES, E-TITLE AGENCY, INC.,
JOHN GRAHAM REALTY, LLC, and
JOHN GRAHAM, INC.,

        Defendants.
_____/

Case No. 12-15038
Hon. Lawrence P. Zatkoff

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Reconsideration [dkt 28]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), a response to Plaintiffs' motion is not permitted. As such, the Court finds that the facts and legal arguments are adequately presented in Plaintiffs' motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), and 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiffs' motion is DENIED.

### II. BACKGROUND

Plaintiffs' motion challenges the Court's August 28, 2013, Order granting Defendants' motions to dismiss. In its August 28, 2013, Order, the Court found that Plaintiffs' complaint failed to state a claim upon which the Court could grant relief and otherwise failed to abide by the pleading standards set forth in Fed. R. Civ. P. 8. On these bases, the Court dismissed Plaintiffs' complaint.

### III. LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration, stating that a "motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008).

### IV. ANALYSIS

Plaintiffs' motion fails to state a palpable defect by which the Court has been misled. Rather, Plaintiffs' motion presents issues that the Court has already ruled upon. *See* E.D. Mich. L.R. 7.1(h)(3). Further, the motion indicates only Plaintiffs' disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Moreover, to the extent Plaintiffs request that the undersigned be disqualified, such allegations are unfounded. Pursuant to 28 U.S.C. § 455(a), a judge may be disqualified "in any proceeding in which his impartiality might reasonably be questioned." The Sixth Circuit has explicitly determined that disqualification under § 455(a) must be predicated upon extrajudicial conduct rather than judicial conduct, and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Green v. Nevers*, 111 F.3d

2

1295, 1303–1304 (6th Cir. 1997); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355–1356 (6th Cir. 1988).

Here, Plaintiffs' conclusory allegations of bias and or prejudice deal only with the Court's judicial rulings in this action. As such, the Court finds Plaintiffs' arguments meritless.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration [dkt 28] is DENIED.

IT IS SO ORDERED.

Date:    September 20, 2013

s/Lawrence P. Zatkoff<br>
LAWRENCE P. ZATKOFF<br>
U.S. DISTRICT JUDGE

3